UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<span>RAVIS</span> F<span>LETCHER</span>,

       Plaintiff,                              Hon. Robert J. Jonker

v.                                             Case No. 1:19-cv-789

T<span>HORN</span> L<span>EWIS</span>,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 21). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action on September 30, 2019, against Dowagiac Police Officer Thorn Lewis. (ECF No. 1). In his one-page complaint, Plaintiff alleges that he was arrested by Lewis who used excessive force, in violation of his Fourth Amendment rights. Defendant now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -,

2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

Defendant asserts several arguments in favor of relief: (1) failure to prosecute; (2) state and federal preclusion doctrines; and (3) qualified immunity. Defendant further argues that he is entitled to relief because his actions were reasonable and, therefore, did not violate Plaintiff's rights. The Court, however, need only address this latter, and more straightforward, argument as the lawfulness of Defendant's conduct is apparent from the record.

Claims that a police officer employed excessive force during an arrest are analyzed under the Fourth Amendment's reasonableness standard. *See Schreiber v. Moe*, 596 F.3d 323, 331-32 (6th Cir. 2010). With respect to the use of a taser, it is not unlawful for a police officer to use a taser to gain control over a person who is resisting arrest. *See, e.g., Rudlaff v. Gillispie*, 791 F.3d 638, 641 (6th Cir. 2015) (it is clearly established that "it is *not* excessive force for the police to tase someone (even multiple times) when the person is actively resisting arrest"). The unrefuted evidence submitted by

Defendant, even interpreted in Plaintiff's favor, reveals that Plaintiff was actively resisting arrest when he was tased by Defendant.

As a result of the encounter giving rise to this action, Plaintiff was criminally charged under Michigan law with resisting and obstructing a police officer. (ECF No. 22-3. PageID.113-21). At Plaintiff's trial, Defendant Lewis testified that, on the afternoon of June 17, 2019, he observed Plaintiff walking past his patrol vehicle. (*Id.*, PageID.148-50).[1] Lewis was aware that there existed "several warrants" for Plaintiff's arrest. (*Id.*, PageID.150).

Lewis advanced and stopped his patrol vehicle approximately fifteen feet from Plaintiff. (*Id.*, PageID.151). Lewis got out of his vehicle and instructed Plaintiff to "stop." (*Id.*). Lewis instructed Plaintiff to stop "five to six times." (*Id.*, PageID.156). Plaintiff disregarded this instruction, however, and continued walking. (*Id.*, PageID.151-56). Lewis then "grabbed" Plaintiff by the arm and informed him that there was a warrant for his arrest. (*Id.*, PageID.151-54). Plaintiff refused to comply and instead began "shouting" that he was being subjected to "police brutality." (*Id.*, PageID.154-55).

Lewis then instructed Plaintiff to "go down to the ground." (*Id.*, PageID.154-56). Plaintiff refused this instruction at which point Lewis forced Plaintiff to the ground onto his back. (*Id.*, PageID.156). Lewis then instructed Plaintiff to "turn over" so that he

---

[1] When resolving a motion for summary judgment, the Court may rely on sworn trial testimony. *See, e.g., Saal v. City of Wooster*, 2020 WL 2733735 at *1 n.2 (N.D. Ohio, May 26, 2020).

4

could secure him in handcuffs.  (*Id.*, PageID.156-58).  Plaintiff refused this instruction. (*Id.*, PageID.158).  After instructing Plaintiff "two or three more times" to "turn over" without gaining compliance, Lewis "initiated [his] taser on [Plaintiff's] upper chest." (*Id.*).  Lewis discharged his taser for "maybe two, three seconds," after which Plaintiff complied with Lewis' instructions.  (*Id.*, PageID.158-59).  Plaintiff was found guilty of resisting or obstructing a police officer.  (ECF No. 22-4, 22-5, PageID.213, 220).

Plaintiff has failed to respond to Defendant's motion for summary judgment and, therefore, has failed to refute the evidence discussed herein.  Even interpreting this evidence in a light most favorable to Plaintiff, no reasonable juror could find for Plaintiff on his excessive force claim.  Defendant has demonstrated that there does not exist any genuine dispute of material fact and that he is entitled to judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 21) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                        Respectfully submitted,

Date: April 26, 2021                  /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge